# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 11-118 |
| JULES RODRIGUE | SECTION I |

## ORDER & REASONS

Before the Court is pro se petitioner Jules Rodrigue's ("Rodrigue") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. R. Doc. No. 100. For the following reasons, the motion is denied.

### I.

In February 2011, law enforcement officials executed a search warrant at a home in Westwego, Louisiana. R. Doc. No. 44, at 2. During the search, Rodrigue exited the home through a bedroom window. *Id.* As he exited, Rodrigue discarded a semi-automatic handgun along with quantities of cocaine and marijuana. *Id.* Rodrigue was apprehended and placed under arrested. *Id.* He later admitted that, at the time of the incident, he was on federal probation for a prior felony conviction, that he possessed the handgun, that he owned the cocaine and marijuana, and that he intended to sell and distribute the cocaine and marijuana. *Id.*

Rodrigue was indicted by a grand jury and charged with three counts of various drug and firearm offenses. R. Doc. No. 12. In January 2012, Rodrigue pleaded guilty to one count of possession of a firearm in furtherance of a drug trafficking offense, in

violation of 18 U.S.C. § 924(c)(1)(A). R. Doc. No. 42. Because of his criminal history, Rodrigue faced a statutory minimum sentence of 300 months imprisonment. R. Doc. No. 59. In December 2012, this Court sentenced Rodrigue to a term of imprisonment of 300 months. R. Doc. No. 95. Rodrigue did not file a direct appeal. He now seeks collateral review of his sentence. The government does not challenge the timeliness of his motion.

## II.

In response to Rodrigue's motion, the government argues—in a footnote—that Rodrigue *may* have waived his right to collateral review as part of a plea agreement that was filed under seal. R. Doc. No. 106, at 6 n.4. The government clarifies, however, that it cannot know for sure, as it "does not have a copy of the plea agreement available at this time." *See id.* The Court is struck by the audacity of the government's argument. Unable to find a copy of the plea agreement and apparently too lazy to track one down or request a copy from the Court, the government invites the Court to simply presume that Rodrigue has forfeited his ability to pursue relief under § 2255. The Court refuses to play so fast and loose with Rodrigue's rights. Accordingly, the government's argument regarding waiver is itself deemed waived.

## III.

Rodrigue argues that recent Supreme Court precedent entitles him to relief. R. Doc. No. 100, at 10–11. Specifically, Rodrigue cites *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [ACCA] violates the Constitution's

2

guarantee of due process," and *Welch v. United States*, 136 S. Ct. 1257 (2016), which held that *Johnson* applies retroactively to cases on collateral review. Rodrigue's claims, however, are procedurally barred. *See Bousley v. United States*, 523 U.S. 614 (1998) (applying procedural default principles to a case involving a conviction for use of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)).

"The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) (quotation omitted). "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley*, 523 U.S. 614.[1] To meet the cause requirement, the defendant must show that "'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992)). To show actual prejudice, the defendant must demonstrate "not just the 'possibility of prejudice,' . . . but an 'actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions.'" *Shaid*, 937 F. 2d at 233 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Rodrigue has not filed a direct appeal. His claim is, therefore, procedurally barred unless he can make a sufficient showing of cause and prejudice. He cannot.

---

[1] Rodrigue does not assert an actual innocence claim. R. Doc. No. 100.

Rodrigue cannot show cause, as he does not point to any objective factors that prevented him from raising his arguments on appeal. Likewise, he cannot show prejudice, because he has not identified any constitutional error with respect to his plea or sentencing. As discussed below, Rodrigue's only argument—that, in light of *Johnson* and *Welch*, he is entitled to relief—is meritless.

**IV.**

Even if Rodrigue's claims were not procedurally barred, the Court concludes that *Johnson* and *Welch* would have no effect in this case. After all, Rodrigue's sentence was not enhanced under the residual clause that *Johnson* invalidated. At issue in *Johnson* was 18 U.S.C. § 924(e)(2)(B)(ii), the residual clause of the ACCA, which defined the term "violent felony" to include "conduct that presents a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct. at 2555–56. The Supreme Court determined that this language was too imprecise, such that it "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges." *Id.* at 2557. Accordingly, it held the clause to be unconstitutionally vague.

This holding, however, has no bearing on the present case. Rodrigue pleaded guilty under 18 U.S.C. § 924(c)(1)(A) for possession of a firearm in furtherance of a drug trafficking crime. R. Doc. No. 95. Because he had previously been convicted under § 924(c), § 924(c)(1)(C)(i) mandated a minimum sentence of 300 months imprisonment. The Court sentenced Rodrigue to 300 months imprisonment, but at no point did it rely on the ACCA's residual clause. Hence, Rodrigue cannot avail himself of the rights the Supreme Court recognized in *Johnson* and *Welch*.

Insofar as Rodrigue attempts to rely on *Johnson*'s reasoning to argue that § 924(c)(1) is also unconstitutionally vague, the Fifth Circuit has declined to extend *Johnson*'s holding that far. *See United States v. Chapman*, 851 F.3d 363, 375 (finding, post-*Johnson*, that § 924(c)(1)(C)(i) sentencing enhancement applies to convictions for possession of a firearm in furtherance of drug trafficking crimes); *see also United States v. Vigil*, No. 16-CV-259, 2016 WL 9107349 (W.D. Tx. Sept. 29, 2016) ("*Johnson* has no effect on convictions for § 924(c) based on drug trafficking crimes, and Movant's § 2255 is futile in this regard."). Rodrigue's *Johnson* argument, therefore, fails.

Accordingly,

**IT IS ORDERED** that the defendant's motion is **DENIED** and **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, August 31, 2017.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

5